*420 ■ The cause was then continued by the Court for advisement, and now at this term the following opinion was delivered by
Parsons, C. J.
This action is on a writ of entry sur disseisin in the quibus, in which the demandant demands of the tenant seisin of 78 acres and 44 rods of land. The tenant, as to part, pleads nul disseisin, on which issue is joined ; and as to the residue, he pleads non-tenure with disclaimer, which is traversed by the demandant, and issue joined. On the trial, both the issues are found [ * 468 ] for the tenant. The direction of the judge * before whom the issues were tried is excepted against, and me cause is before us to decide on the validity of the exception.
If the record' of the partition, which the demandant gave in evidence to the jury, was conclusive against the tenant in this action, the direction was wrong; if it was not conclusive, the verdict must stand.
It appears that Reed, from whom the demandant derives his title, filed his petition for partition, alleging that he was seised as a tenant in common, with divers persons to him, unknown, of 1000 acres of a large parcel of land described in his petition, in which are comprehended the premises in dispute, and praying that partition might be made. Notice of the petition was given to . all persons interested, that they might show cause against granting the prayer of it. After-wards, on proclamation being made for any person to appear and show cause, no person appeared, and the first judgment, quad partido fiat, was entered. Pursuant to this judgment, Reed’s purparty was regularly set out and assigned to him, which included the premises; and a final judgment was rendered, that he and his heirs hold the part thus assigned, in severalty, forever. And the partition thus made has been duly recorded.
The tenant, to defeat this title, gave in evidence the entry of one Jonathan Frye into the lands described in his first plea, more than thirty years past; that he afterwards mortgaged them to the present tenant, who foreclosed the mortgage, by judgment and execution, according to the statute in such case provided, — and that he, the tenant, has continued in the possession thereof ever since. From this evidence, he insisted that Reed and the other tenants in common were disseised by Frye; that, at the time of partition, their right to enter was gone; and that he, not appearing to defend against Reedis petition, and not claiming as a tenant in common, was not concluded by the judgment on that petition, even as to the right of possession. Of this opinion was the judge, who directed the jury accordingly. To this direction the exception is filed.
The question is, whether the record of partition made upon *421 Reed’s petition concludes the tenant in this action, in which * the jus possessions only is to be tried. As this [ *469 ] partition was not made by writ, according to the course of the common law, but by virtue of the statute of March 11, 1784, the validity and effect of it must depend upon the construction of that statute.
A writ of partition must name all the tenants, who hold together and undivided, either as plaintiffs or defendants ; the shares of each must be alleged; and partition must be made among them all. In this state very large parcels of land are holden in common, the tenants are numerous, and frequently unknown to each other, and their shares unascertainable. Partition, so necessary for the settlement and cultivation of the lands, is therefore impracticable by writ at common law. Inconveniences of this kind heretofore prevailed in England, and'they were remedied by an act of Parliament passed 8 and 9 Will. 3, c. 31. This act, after providing that to a writ of partition no plea in abatement shall be received, and that it shall not abate by the death of any of the tenants, enacts that, if any tenant to the writ shall not enter an appearance within fifteen days after the return of the attachment, — notice having been given of such writ by leaving a copy thereof, forty days before the return, with the occupier or tenant in possession, or, if he cannot be found, with his wife, son, or daughter, — the court may proceed to examine the demandant’s title, and give judgment, on default, for his purparty ; and his purparty being regularly assigned by an execution of that judgment, the partition shall be good, and conclude all persons whatever, whatever right or title they had to the premises, although all persons concerned were not named in any of the proceedings, nor the title of the tenants truly set forth ; and a power is given to the court, within a limited time, to permit a tenant against whom judgment has been rendered by default to plead in bar, or to show an inequality in the partition.
The inconveniences of partition by writ, according to the course of the common law, were, in this state, remedied by a temporary provincial act, passed 22 G. 2, c. 3. This act, after * several continuances, expired, but its provisions were [ *470 ] reenacted, with some new regulations, by the statute first mentioned, and which is the foundation of the partition in the case.
By virtue of this statute, a person interested with others in land may file his petition, showing his purparty, and that otheis (naming them) hold the premises together and undivided with him, and may pray for the severance of his purparty. Of'this petition, those *422 others named are to be notified personally, or by leaving a copy of it at their last place of abode, if practicable.
If the petitioner does not know the co-tenants, he may allege that he holds his purparty, together and undivided, with others to him unknown. In this case notice is to be given to all persons interested, by publishing the substance of the petition, three weeks successively, in one or more of the public newspapers, as the court shall direct. If partition be regularly made, pursuant to the peti tian, it is declared to be valid to all intents and purposes, which words are of as large import as the provision of the English statute, where the partition is declared to conclude all persons whatever, whatever may be their right or title to the premises.
But it is reasonable to give the words a construction by which no person shall be concluded by a partition, when he could not, by law, be admitted to defend his rights. This construction is conformable to a maxim of the common law, that judgments do not bind the rights of any but parties or privies; understanding, by-parties, all persons who might have been parties on the record but from their own loches.
In applying this construction to the statute before us, when in the petition certain persons are named as the co-tenants, if partition be made, none are concluded by it but the persons named, their heirs and assigns. If in the petition the co-tenants are not named, but are supposed to be persons unknown to the petitioner, and notice is given to all persons interested to appear and show cause against the petition, and partition be made, no person appearing,— this partition shall conclude all persons whatever, as to [ *471 ] their right of possession. Any person * interested was authorized to appear, and, by falsifying any allegation of the petition in a point material to his defence, might have protected his interest. But if he will lie by, and refuse to appear, it is a consent that the petitioner may proceed ex parte; and he shall be bound by the partition as fully as if he had appeared, and after-wards made default.
In a writ of partition, the plaintiff alleges that all the parties to the writ hold together and undivided; so in the petition, where the co-tenants are not known or named, the petitioner, by declaring that he is seised of an undivided share of the land, in effect alleges that all persons holding the land, or any part of it, are seised as co-tenants with him; and when judgment is rendered in partition, all the allegations material to the rendition of the judgment are to be considered as facts, and all persons concluded by the judgment are estopped from controverting them. In this case, therefore *423 Allen, the tenant, cannot be admitted, by showing a disseisin of all the tenants in common, to question the right of Reed, alleged in his petition, and supported by the judgment; as he cannot be con sidered as a stranger to the record, and so not bound by it. He was on the land at the time of the partition, claiming an interest in it; he was notified to appear and defend his interest; he might have appeared, and have been admitted a party on the record ; he did not choose to do it; and it is owing to his own loches that he did not defend his interest, if he had any to defend. To consider him, under these circumstances, as a stranger to the record, is repugnant to a well-known rule of law ; for he would take advantage of his own loches.
The remaining objection made by the tenant against the effect of the partition is that, upon the true construction of the statute, the right of possession of no person is, in fact, bound by any proceedings under it, but a tenant in common. .
It is a sufficient answer to this objection, in this case, that, the tenant having been notified of the petition, in which it appears that the petitioner claimed to hold with him, together and undivided, the premises ; and having a legal right to appear and conti overt the petition, and judgment being rendered on *his default, he is now concluded from saying that he [ *472 ] is not a tenant in common.
The objection is supposed to rest, not on any expressions in the statute we have mentioned, but on the provisions of an additional act, passed February 14, 1787. In the consideration of these statutes, we ought to construe them liberally, that the remedy may be as extensive as the mischief. • The statute of 1784 gives the remedy by petition to any person or persons interested in real estate with others. Therefore a parcener, joint-tenant, or tenant in common, is entitled to this remedy. The act contemplates the case when all the parties in interest are not known ; consequently, they may be made parties, not only by describing them by their names, but by a description of their interest in the land, according to the petitioner’s claim. As the statute contemplates a case where the parties are unknown, it must extend to a case where the particular interests or rights of the parties are unknown. It is therefore enough for the petitioner to show his own fight, not being conusant of the rights of others. And the showing of his own rght to be an undivided interest in all the land amounts to an allegation that all persons holding the land, or any part of it, hold it together and undivided with him. If any man holding the land, or any part of it, by a sole seisin, is named a defendant in a writ of partition at common law, or in a petition on the statute, and, afte' *424 service of the process, is defaulted, — there can be no doubt that his right of possession would be concluded by the judgment. In this case, the tenant being described by his interest in the land, according to the petitioner’s claim of title, and process being served op him, —if he be not bound by the judgment, the remedy, where most necessary, and where the mischief is irremediable at common law, would be, at the least, useless — perhaps it would be injurious to the petitioner. Having obtained partition, he certainly would be bound by the judgment with respect to all who hold together with him. But if no right of possession, in the part severed, passed to him, his entry, although by judgment of law, would be tortious • and he could have no new partition, as there would be no eviction of him by an elder title, he never having a freehold in [ * 473 ] the part * severed, by force of the partition. But if a right of possession passed by the judgment, so that he became sole seised under it, then, if the owner should bring his writ of right, and evict him by a title paramount, he would be entitled to a new partition of the residue.
This reasoning is confirmed by the consideration that all the proceedings under this act, until the passing of the additional act, were merely amicable. If any person, claiming an interest of any kind in the land, had come into Court, and controverted any material allegation of the petition, all further proceedings were stayed, and. the petitioner was driven to his writ of partition, or rather must have been deprived of any partition. By the additional act, if any material allegation in the petition be denied, an issue in -law or fact may be joined and regularly tried; and if it be determined in favor of the petitioner’s right, he shall have judgment for partition, with costs.
But it is urged that the additional act authorizes only a tenant in common to controvert the petition. If these words are taken strictly, then the act does not extend to the case of joint-tenants or parceners. But taking the two statutes together, and considering that it was the intent of the last statute to change the amicable remedy, given by the first act, into an adversary suit, we are satisfied that any person, who is described in the petition as holding the land together and undivided with the petitioner, and as such is notified to appear and answer, may controvert any material allega tian of the petition, and be permitted to defend his own interest, whatever may be its nature.
It is also urged that the last act contemplates no other issues in fact, but whether the petitioner holds the same or a less share than he has alleged; and therefore no one can plead to the partition unless he admit the petitioner to have some undivided interest This reasoning is founded on a mistake of the intent of the statute *425 By the first paragraph, any plea may be filed on which an issue in fact or in law may arise; and the provision of the statute, when the petitioner is found to have a less share than he claims, is intended to alter the common * law. At common [*474] law, if, on a writ of partition, the jury had found that the parties held together, but that the plaintiff held a less share than he had claimed, he could have no partition on that writ; but by this provision, if it be found that the petitioner holds a less share than he claimed, he shall have partition according to his right. Upon this construction of the statutes, a complete and reasonable mode of obtaining partition is provided. The petition is the foundation of an adversary suit, in which all persons, having any interest in the land whatever, may appear and defend their interest. And the judgment has the same effect as a judgment on a writ; it binds the right of possession of those persons only who are, or might have been, parties to the writ. If any man suffers by the judgment, he suffers by his own loches. (a)
In a writ of partition at common law, the general issue is, that the parties do not hold together, in manner and form, &c.; and as partition must be made among all the parties, the jury are to inquire of the share of each party. If, in a suit by petition, the co-tenants are all named, the plea as at common law is proper ; but as' the petitioner’s share only is to be severed, the inquiry of the jury, if the issue be joined, is confined to the ascertaining of his share; and the jury may find that the petitioner is seised of an undivided interest in all the land, or in part of it only, or in no part of it j or, if seised of any part, that he is seised of a less share than he claims, — according to the evidence in the cause. If the parties interested are not known, any person concerned in interest may appear and plead ; but the plea must conform to the petition, and the same inquiry must be made by the jury, if the issue be joined. In this last case, as it was not the intent of the statute that the title of the petitioner should be controverted by any stranger in interest, to this plea the petitioner may reply, that the party pleading it has no estate or interest in the lands described, and may pray judgment, if he shall be received to defend against the petition. And if an issue in fact be joined on this replication, and Tied, the verdict will be conclusive as to both parlies.
*The result of this construction, which we are satis- [ * 475 ] fled ought to be given to these statutes, is that the verdict must be set aside, and a

New trial granted

Holmes and Emery for the demandant.
The Solicitor-General and Mellen for the tenant.
[Note. — The Chief Justice observed, that the opinion delivered, as to the effect of the partition, was grounded on the presumption that the process was regular in all its parts, and particularly that the petition contained such a description of the land, alleged to be holden in common, that every person residing upon, or interested in, any part of it, might clearly apprehend that the general description comprehended such part. As no exception was taken, on this ground, to the proceedings given in evidence in the case at bar, the Court presumed them to have been sufficiently regular in this respect.]

 Vide Pierce vs. Oliver & Al. 13 Mass. Rep. 311