Spencek, Ch. J.,
delivered the opinion of the court.
Two questions have been made on the argument; first, whether the will of Arming Smith, the elder, devising his real estate, vested an estate of inheritance in the devisees, or an estate for life only ? 2d. Whether the alienation of the interest of Arming Smith, the younger, before the service of a copy of the petition and notice on either of the defendants, defeats the action ?
On the first point, there can be no doubt that the will vested an estate for life only in the devisees. The will contains *185 no words of inheritance, nor any thing to show, according to the settled rules of construction, an intention on the part of the devisor to convey a fee.
The deed from Arming Smith, who was a co-tenant in com-iaou. bears date before the service of a copy of the petition and notice upon him, or either of the defendants; and, *until such service, the suit is not commenced. His plea is, therefore, made out, that he did not hold together with the other parties.. But he conveyed all his right to Eliphalet Smith, who was, before that conveyance, a tenant in common with the plaintiff's and the other defendants. His plea, and that of the other defendants, except Arming Smith, is, therefore, falsified; for it appears they do hold as tenants in common. It is true that they do not hold precisely in the manner stated in the petition; but the act (1 11. L. 508. s. 3.) refers it to the court, after the final determination of the issues, to ascertain and determine the respective rights of the 'parties in such lands, tenements, or hereditaments, and give judgment that partition thereof be made betiveen them according thereto, or between such of them as shall have any right therein.” If there be, then, a variance between the petition and proofs, as to the quantity of interest which any of the tenants in common have in the lands whereof partition is sought, this can be set right by the court, to whom it is referred to ascertain and determine the respective rights of the parties. There can be no reason, now that the rights of the parties are ascertained, to turn the plaintiffs round to another suit; and we are clearly of opinion, that the legislature never intended, by giving the plea of non taunt insimul, if the defendant was a tenant in common, that he should defeat the partition, by showing that the extent of interest was inaccurately stated in the petition. As to An-nins Smith, as he was not a tenant in common when the proceedings were commenced, nor when he pleaded, he is entitled to go without day, and recover his costs; but as to the other defendants, the plaintiffs are entitled to judgment according to the proofs in the cause.
Judgment accordingly.