## BENJAMIN PRITCHARD *versus* SIMEON ATKINSON.

A justice of the peace has no jurisdiction to try an action of covenant broken, founded on a covenant, that land is conveyed free of incumbrances, when a public highway is assigned as a breach of the covenant.

In such cases, therefore, the plaintiff is entitled to full costs, however small may be the amount of the damages assessed.

THIS was an action of covenant broken, brought upon a deed purporting a conveyance from the defendant to the plaintiff of a tract of land. The covenant recited in

Pritchard
*v.*
Atkinson.

the declaration was, that at the time of executing the deed the granted premises were free of all incumbrances. The breach of the covenant assigned was, that at the time of executing the deed, the premises were incumbered with a public highway. The cause having been tried and a verdict returned for the plaintiff and damages assessed at $1, *Atkinson,* for the defendant, contended, that the plaintiff was not entitled to full costs.

*Webster,* for the plaintiff.

RICHARDSON, C. J. delivered the opinion of the court.

The statute of June 30, 1825, sec. 8, provides, that in all actions, except actions of the case for slanderous words, actions of assault and battery, for imprisonment and for malicious prosecution, and trespass, *quare clausum fregit,* "commenced at the court of common pleas, if it shall appear to the justices of said court, or to the justices of the superior court in case of appeal, that the plaintiff, or plaintiffs, had no reasonable expectation of recovering more than six dollars damages in such suit, the justices of said court may limit the plaintiff, or plaintiffs, in their costs to such sum as they may think just and reasonable, all circumstances duly considered." The question raised in this case depends upon the construction to be given to this provision in the statute.

In Massachusetts, a plaintiff who commences an action in the court of commom pleas, is entitled to full costs in all actions wherein the title to real estate may be concerned. Mass. Statute of 1807, cap. 122 ; 16 Mass. Rep. 448, *Crocker* v. *Black ;* 7 ditto, 476, *Dummer* v. *Foster ;* 2 Mass. Rep. 462, *note.*

Our statute of June 30, 1825, section 8, only declares "that in all actions of trespass, *quare clausum fregit,* where the title of real estate is not in question, if the damages found or assesed by the jury do not amount to six dollars, the court may, if they think proper, allow only such sum in costs as they shall think proper, not exceeding the damages assessed by the jury." No provision is made for full costs in any form of action where the damages

have been assessed at a less sum than six dollars, and the
title to real estate has been drawn in question, except in
the action of trespass, *quare clausum fregit*. But it is clear,
that in actions of covenant broken, in which the title to
real estate is necessarily drawn in question, a plaintiff is
entitled to full costs. however small may be the amount
of damages assessed. Because the object of the provis-
ions in the statute, which we are now considering, in
limiting the costs, was to confine causes involving trivial
damages to the jurisdiction of justices of the peace in the
first instance. It is therefore apparent, that causes,
where justices of the peace have no jurisdiction, cannot
be embraced by those provisions.

The statute of June 22, 1810, 1 N. H. Laws, 65, en-
acts, " that every justice of the peace within his county,
be, &c. empowered to hear, try, and determine all pleas
and actions, except such wherein the title of real estate
may be drawn in question, when the sum demanded in
damages does not exceed $13,33." And it is obvious
that a justice of the peace has no jurisdiction of any ac-
tion under this statute, the decision of which necessarily
involves a question of title to real estate. In an action of
covenant broken, where an easement for the public is
assigned as a breach of a covenant against incumbrances,
a question of title to real estate is necessarily involved.
Such an easement is a real franchise, and it seems to us
very clear that a justice of the peace has no jurisdiction
in such a case. 5 Mass. Rep. 129 ; 2 Johns. 185 ; 1
Cowen, 568, *Exparte Coburn* ; 1 Johns. 146, *Heaton* v. *Fer-
ris* ; 2 Mass. Rep. 462, *note* ; 3 N. H. Rep. 403. It has
always been supposed that a writ of entry could not be
brought before a justice of the peace for want of jurisdic-
tion, and this case is believed to stand upon the same
ground.

We are therefore of opinion, that as this cause could
not have been brought before a justice of the peace, it is
not within the intent of the provisions limiting costs, and
that the plaintiff is entitled to full costs.