## E. Hunt *versus* W. Hazelton, and others.

On a petition for partition, where the petitioner alleged, that he was seized in fee as tenant in common with the respondents, it was held, that a plea alleging, that one of the respondents had a lease of the interest of the petitioner for a term of years, which had not expired, was no answer to the petition.

In such a case, a plea that the respondents are not, at the time of filing the plea, tenants in common, together with the petitioner, is no answer to the petition.

A valid lease of lands for years, may be made by a writing not under seal.

THIS was a petition for partition, in which the petitioner alleged, that he was seized in fee as a tenant in common with W. Hazelton, S. Hazelton, and T. Hazelton, the respondents, of a parcel of land in Chester, and prayed that partition might be made.

The respondents pleaded—

1st, That they were sole seized of the premises, and that the said Hunt had nothing therein, and concluded to the country.

2d, That the said Hunt was not seized of seven forty-eighth parts of the premises, and concluded to the country.

3d, That they were " not tenants in common, together with the said Hunt, of the premises in said petition mentioned," and concluded to the country.

4th, That Hugh Tolford being seized of seven forty-eighth parts of said premises on the 19th December, 1818, by a writing under his hand, demised his said interest in the premises to the said Samuel Hazelton, for a term that is not yet expired, and that the said Hunt, had nothing in the premises except the right of the said Hugh Tolford.

Upon the two first pleas issue was joined, and found by the jury in favor of the petitioner.

To the two last pleas there was a general demurrer, and joinder in demurrer.

*S. D. Bell* and *Mason*, for the petitioners.

*D. French* and *Bartlett*, for the respondents.

The opinion of the court was delivered by

Richardson, C. J.   One ground of defence, upon which the respondents in this case rely, is, that the share which the petitioner claims, has been leased to one of the respondents by the person from whom the petitioner derives his title, for a term of years which has not yet expired.   The grant of the term is alleged to have been by a writing under the hand of the lessor, but is not alleged to have been by deed.   But this is of no importance, as it is well settled, that a valid lease of lands for years may be made by a writing not under seal.   Woodfull's Landlord and Tenant, 13 ; 2 Wilson, 26, *Farmer* v. *Rogers* ; 5 Burr. 2827, *Beck* v. *Phillips.*

The question then, is, whether the lease is an answer to the petition ?

By the common law, a writ, *de partitione facienda,* lay only between parceners, who were tenants of the freehold.   If one parcener made a lease for years, still the writ lay ; but it was otherwise, if one or both made a lease for life.   The language of the writ was, " *quod insimul et pro indiviso teneant,*" and the word *tenet,* in a writ, always implied a freehold.   Coke Litt. 46, *a,* and 167, *a* ; 2 Binney, 1, *M'Kee* v. *Straub* ; Litt. sec. 264 ; Com. Dig. Parceners, C, 6.

And it was held, in very ancient times, that when one of several coparceners leased her share to another coparcener for years, the writ *de partitione facienda,* might be maintained against the lessee during the term.   Fitz H. N. B. 62 ; 22 E. 3, 57.   But in such a case the judgment was rendered with a saving of the term.   Fitz H. N. B. 62, note.

These authorities are decisive of the question we are now considering, unless the law on this subject has been changed.

We find, upon examination, that the first change in the

law of partition was made by the statute, 32 H. 8, which
extended the writ, *de partitione facienda,* from parceners to
joint tenants and tenants in common of an estate of in-
heritance in their own right, or in right of their wives.
Com. Dig. Parcener, C, 6 ; Coke Litt. 169, *a,* note 23 ;
Booth, 243.

And by the statute 32 H. 8. cap. 32, joint tenants, or
tenants in common, might have partition by writ, when
one or all had only an estate for life or for years. Com.
Dig. Parceners, C, 6 ; Cro. James, 218, *Beedle* v. *Clerke ;*
Booth, 243.

It also appears, that Chancery has long exercised a ju-
risdiction in England in making partition. Co. Litt. 169,
note, 23 ; Com. Dig. Chancery, 4, E ; 1 Vesey & Beames,
551, *Baring* v. *Nash.*

In this State the provincial act of the 13th Anne, cap.
33, authorised partition between coparceners, joint ten-
ants, and tenants in common, by a writ of partition at
common law. Prov. Laws, 45.

And the provincial act of the 6 Geo. 3, cap. 136, author-
ized the judges of probate to make partition where the
parties were under any disability to make partition by
deed. Prov. Laws, 203.

The statute of February 4th, 1789, authorised judges
of probate " upon application of any person or persons in-
terested with others in any lot, tract, or parcel of land,
or other real estate," to cause partition to be made.

And by the statute of June 26, 1810, the same power
was given to this court.

These statutes authorize a partition to be made in all
cases when a partition can be had in England under their
statutes, or by the common law. 2 Mass. Rep. 469, *Cook*
v. *Allen* ; 15 Mass. Rep. 155, *Mussey* v. *Sanborn.*

A great revolution has taken place with respect to the
mode of proceeding to obtain partition. In England, the
writ *de partitione facienda* seems to have gone very much
out of use, and partition is now believed to be generally

made in the court of chancery. In this State, that writ is
entirely obsolete, and all the business is now done in this court and in the courts of probate, upon petition.

But, notwithstanding this revolution, we see nothing that indicates any change of the principle laid down by Fitz Herbert, which we before stated to be decisive of the question now to be decided. Nor do we see any sound reason why there should not be a partition of the inheritance, notwithstanding one of the respondents has a subsisting lease of the petitioner's share for years.

We are, therefore, of opinion, that this plea is no answer to the petition.

The next question is, whether the third plea is a good answer to the petition ? It may be here remarked, that there is a general issue in these proceedings, which might very well have been substituted for the three first pleas in this case. That general issue is, " that the respondents do not hold, nor on the day of the exhibition of the petition in this behalf, nor ever afterwards did hold the said premises, nor any part or parcel thereof, together and undivided with the petitioner, as he, in his said petition, has supposed. 17 Johns. 221, *Ferris* v. *Smith* ; Com. Dig. Pleader, 3, F, 3 ; 2 Mass. Rep. 474.

Such a plea puts in issue all the material allegations in the petition, and if it appear in evidence upon the trial, that the petitioner has not such an interest in the land as is supposed in his petition, or that the respondents have never had any estate in the land, the verdict must be for the respondents. 17 Johns. 221 ; Croke Eliz. 759, *Moor* v. *Onslow.*

The plea, we are now examining in this case, does not meet the allegation in the petition, that at the time of exhibiting the petition, the petitioner was seized in fee as a tenant in common with the respondents, but only alleges, that at the time of filing the plea, the respondents were not tenants in common together with the petitioner. The plea is not, therefore, broad enough to

amount to an answer to the petition. For if the parties were tenants in common when the petition was presented, a partition may be had in this case, although they may have since ceased to be tenants in common. For instance, a conveyance of their estate in the land by the respondents to a third person, would not defeat this petition. The form of the general issue in this suit is decisive. Story's Plead. 347—348 ; 17 Johns. 224.

> *Judgment that partition be made, saving any interest less than a freehold, which any of the respondents may have.*