## LYDIA MORRILL and another, *versus* NATHANIEL MORRILL.

When a committee, appointed to make partition of real estate upon a petition under the statute, have made a report, dividing the estate, it is a valid objection that the division made by the committee is unequal or inconvenient. But the inequality or inconvenience must be distinctly pointed out and shown to the court by clear and direct evidence.

The mere opinion of witnesses that the division is unequal, will not be regarded.

THIS was a petition for partition of a saw-mill privilege. Judgment was rendered in the cause at a former term, that partition be made, and a committee appointed in pursuance of the statute to make partition. The committee made a report, at August term, 1829, assigning to the petitioners severally, distinct parcels of the land belonging to the mill privilege, described by metes and bounds ; and a certain part of the water to be taken by gates of a certain dimension.

As soon as the report was made, it was objected by the respondent, that a mill privilege, owned by tenants in common, could not be legally divided among them by metes and bounds, and the question to which this objection gave rise, was settled at a former term.

The respondent then objected, that the report of the com-

mittee, if accepted, would give to the petitioners more extensive rights and privileges than they could legally claim, and would deprive the respondent of rights and privileges vested in him as owner of a certain grist-mill, and grist-mill privilege adjoining the said saw-mill privilege, and of the water belonging to the same. These objections he endeavored to sustain by the testimony of several witnesses, whose affidavits he introduced. This testimony was met by evidence on the other side, tending to show that the division made by the committee was just and equal.

*Bartlett*, for the petitioners.

*Tilton* and *Sullivan*, for the respondents.

RICHARDSON, C. J. delivered the opinion of the court.

In order to make the case intelligible, it is necessary to state, that it appears by the evidence, that William Morrill formerly owned the mill privileges at Crawley's falls, on Exeter river in Brentwood. On the north side of the river, at that place, there was a grist-mill, and on the south side, a saw-mill. The respondent is now the owner of the grist-mill and one half of the saw-mill privilege, and the petitioners are the owners of the other half of the saw-mill privilege. The respondent, in 1815, took down the saw-mill and erected a grist-mill partly upon the site of the saw-mill, and no saw-mill has since been erected at the place. The premises, of which the petitioners seek to have a partition, are the water privilege and land belonging to the saw-mill. The land is situate on the south side of the river, and is particularly described by metes and bounds in the petition.

Before we examine the objections, which are now made to the report of the committee, we shall briefly consider the grounds on which such a report stands, the nature of the objections to which it is open, and the proof which ought to be required to sustain the objections.

When a judgment has been rendered on a petition of

this kind, that partition be made, a committee is appointed, as directed by the statute, to make a division ; and the statute declares, that a partition by the committee, approved and allowed by the court, shall be valid and effectual. The report of the committee is then open to objection when returned to the court ; and if it can be shown, that through mistake or otherwise, the division is unequal and unjust, or unsuitable and inconvenient, it is to be set aside and the case recommitted to the same, or to a new committee, as justice may require in order that a just and convenient partition may be had.

But as the committee is appointed by the court, and persons selected, on whose integrity and judgment the court thinks it can safely rely, and against whom neither party can raise any objection, great confidence is placed by the court in the report of the committee ; and it will not be held to be any objection to a report, that witnesses can be found who will testify, that the division is, in their opinion, unjust or inconvenient. To induce the court to set aside the report, the inequality or inconvenience must be clearly and distinctly pointed out and shown to the court by clear and direct evidence. It is much more safe to rely upon the judgment of an impartial committee than upon the opinion of witnesses selected by the parties. Witnesses often take sides with the parties who summon them, and when that is the case, however honest and respectable they may be, very little reliance can be placed upon their testimony, when called to state a mere matter of opinion.

The first objection to the report in this case is, that instead of assigning to the petitioners a just and equal moiety of the land appurtenant to the privilege, the committee have assigned to them nearly all the land.

The evidence adduced to sustain this objection is, the testimony of several witnesses, who swear, that very nearly all the land which they consider as belonging to the saw-mill privilege has been assigned to the petition-

ers. A very slight attention to the nature of this case, as it now stands, will show that this testimony has no tendency to sustain the objection taken, and that it is altogether irrelevant. If the question had been, what is the extent of the mill-yard, the evidence might have been proper. But the premises to be divided are described by metes and bounds in the petition, and the judgment, that partition be made of those premises, has conclusively settled, in relation to this case, at least the extent of the premises to be divided. 2 Mass. Rep. 462, *Cook* v. *Allen*. The question, as to what is to be divided, is no longer open. That is settled by the judgment; and the question now is, not whether what the witnesses consider the mill-yard, but whether the premises described in the petition have been equally and properly divided? The evidence has therefore no bearing upon the real question.

So far as a judgment can be formed upon the subject, from the plans produced by the parties, the respondent seems to have had his due proportion of the premises, described in the petition, assigned to him.

Another objection to the report is, that the committee have left to the respondent no passage to his grist-mill through the land assigned to the petitioners, so that he will not have so convenient a passage to his grist-mill as he has heretofore had. This objection is probably well founded in fact. The passage to the grist-mill will not be, it would seem from the plans, quite as direct as it has been. It was not, however, to be expected, that any just division of the premises would leave him in the enjoyment of a part, and all the advantages and conveniences, which he had, when at liberty to use the whole at his pleasure as a passage. It is not shown, that any other just division could have been made which would have been more convenient to him in this respect; and we think that until that is done, the report is not to be disturbed on this ground.

It is further objected, that the committee have assigned to the respondent no land on which he can conveniently erect a saw-mill. This is probably true ; but it does not seem to us to constitute any valid objection to the division. It is not strange, that, when a saw-mill privilege has been divided, he, to whom one half of the privilege has been assigned, cannot conveniently erect a saw-mill on that half. It was no part of the duty of the committee to assign to the respondent a convenient place to erect a saw-mill, but to make a just and convenient division of a saw-mill privilege. And however well founded in fact this objection may be, it has no tendency to show, that the division is unjust or inconvenient.

Another objection is, that too much water is assigned to the petitioners. There is evidence in the case, which has a tendency to prove, that the petitioners may take by the gates assigned to them water enough to carry a saw-mill. But it is proved that the gate of the saw-mill which stood upon this privilege was six feet and two inches in length, and sixteen inches in width, and the committee have assigned to each of the petitioners a gate eighteen inches in length and sixteen inches in width. This seems to be a just division of the water privilege. The privilege, of which the petitioners are entitled to a division is, not of water enough to carry a saw-mill, but of the water which belonged to the saw-mill privilege of which they claim to have partition.

An attempt has been made in this case to show that the saw-mill was not used in the summer season. But admitting the fact to have been so, it is wholly immaterial. The grist-mill privilege and the saw-mill privilege, both belonged to the same person, whose title these parties now have, without any restriction, so far as appears as to the use of the water. In whatever manner the original owner may have used the water, the owners of the saw-mill privilege have now a right to use the water at their pleasure, unless limited by the conveyances

<div style="margin-left: text">Morrill et a.<br>
v.<br>
Morrill.</div>

under which they claim.    The conveyance of a mill is a conveyance of the water necessary to work it, and to sustain this objection, a limitation in the conveyances under which the title is derived must be shown.

*Report accepted.*