## THADDEUS MUNROE *et al. versus* JAMES LUKE.

A partition of land made without notice to a party who has attached on mesne process the interest of one of the tenants in common, is not binding upon such party, and he may therefore rightfully levy his execution as upon an estate in common.

PETITION for partition, filed by Munroe and the executor of James Bullard. On a case stated it appeared, that on and before the 15th of May, 1826, the land of which partition was prayed, was owned by John Cooper and John Sowden, as tenants in common, in equal shares. On that day the interest of Cooper was attached on mesne process by Munroe, and on the 16th by Bullard. On the 17th, Cooper conveyed his moiety of a portion of the land to W. Walsh, and T. Kennedy, and took their note for the amount of the purchase money, secured by a mortgage of the land granted. This mortgage was assigned by Cooper, on the 2d of November, 1833, to the respondent Luke.

While the actions of Munroe and Bullard were pending, Sowden filed his petition for partition in the Court of Common Pleas, setting forth that he was seised of a moiety of the land in common with Cooper, or with Walsh and Kennedy; and gave personal notice thereof to Cooper, Walsh and Kennedy, but to no other person; and no public notice was given according to the statute. Partition was ordered by the court, and regularly made by commissioners upon this petition of Sowden, in 1829.

Munroe and the executor of Bullard subsequently recovered judgments respectively, in the actions against Cooper, and seasonably levied their executions on the land in question, pursuant to the attachments on mesne process.   In these levies the petitioners disregarded the partition which had been made on Sowden's petition, treated the interest of Cooper as a tenancy in common, and levied on an aliquot part of that estate in common, and did not set off a part by metes and bounds as in levying on an estate in severalty.

The case was argued in writing, by *Stearns,* for the petitioners, and *S. D. Parker,* for the respondent.

*March 20th.*    SHAW C. J. delivered the opinion of the Court.   The respondent contends, that the petitioners took no interest in the premises of which partition is prayed, by force of their levies, because they did not conform to the provisions of the statute, which requires that a portion of the land shall be set off, to hold in severalty by metes and bounds, when the estate of the debtor is an estate in severalty.   The respondent then contends, that at the time of the levy, the estate of Cooper had, by force of the partition, become an estate in severalty, and that the levy upon an undivided part was void.   This directly presents the question, whether that partition, made after the petitioners' attachment, without notice to them, was valid and binding upon them, and as against them changed the estate of their debtor from a tenancy in common to an estate in severalty, so that they could no longer regard it and levy upon it as an estate in common.   And the Court are of opinion that that partition was not binding upon them, and that as the estate of their debtor was an estate in common, when they made their attachment, they had a right so to treat it, at the time of their levy, and that their levy was good.

It is a general rule of law, that no persons are bound by a judgment, who have not some opportunity to be heard respecting it.   In many cases, indeed, a species of notice is ordered, imperfect in its nature, but which being the most effectual that the nature of the case will admit, the law deems it to be equivalent to actual notice.   The statute respecting partitions, (*St.* 1783, *c.* 41,) contemplates two distinct cases, namely, one, where all the parties in interest, are known and may have per

soral notice, the other, where there may be persons interested, who are not known. In the former case, personal notice may be given ; in the latter, the statute provides for a public notice to all persons interested. The construction put upon this, and a similar statute giving jurisdiction in certain cases to the judge of probate, is, that when personal notice is given, no person is bound by the judgment except those who are served with notice ; and if the petitioner would have a judgment binding upon all parties, he must give notice to all, in the manner directed by the statute, by advertising. *Procter* v. *Newhall*, 17 Mass. R. 81 ; *Cook* v. *Allen*, 2 Mass. R. 462 ; *Smith* v. *Rice*, 11 Mass. R. 507.

But the main argument in the present case is, that the petitioners having only an attachment on the estate, at the time of the partition, they had no such interest or estate in the land as to entitle them to notice. The provision of the statute is, that the court shall not proceed to order partition, until it shall appear, that the several persons interested have been duly notified of such petition, by personal service, or by publication, and have had opportunity to make their exception to the granting of the same.

This language is broad enough to include the lien created by an existing attachment, which, though a contingent interest, is often a very important one, and extends to the whole value of the estate. And though only a lien when the action is pending, yet when judgment is rendered and execution levied, it relates back, to many purposes, to the time of the attachment, and especially so far as to defeat any mesne conveyances or incumbrances. But it is contended, that by the additional act, *St.* 1786, *c.* 53, no one is to be received to plead and contest the allegations in the petition, unless one who is seised as tenant in common. It is very clear that this is not to be construed literally, because it would exclude parceners and joint tenants. And in the case already cited, *Cook* v. *Allen*, it was held to bind one claiming as sole tenant. And the language of that case is broad enough to include any person interested.

But we think it is not necessary in this case to decide, that any one can be received to plead and go to issue, who has not

some estate in the land, in possession or reversion; that is, some estate, in contradistinction to a lien, which is a step towards acquiring an estate. These statutes are to be construed liberally, to protect the rights of all parties. One will be permitted to come in and show his interest, even after a judgment that partition be made, and if the court perceive probable grounds of title, they will set aside the judgment. *Ramsdell* v. *Creasy*, 10 Mass. R. 170. So although upon the return of the commissioners, the parties have no day in court to plead, yet they may except to the return, and if inequitable, or such as will defeat the claims of those having real interests, such exception will be sustained. *Symonds* v. *Kimball*, 3 Mass. R. 299.

It is very obvious, that there may be various interests, in an estate in common, entitled to consideration and protection, though not amounting to an actual or technical seisin; for instance, that of mortgagor and mortgagee. If the debt is paid and the estate is redeemed, the whole interest will be in the mortgagor; if foreclosed, it will be in the mortgagee. Strictly speaking, both cannot be seised at the same time of the same estate, but to bind both, both should be notified; or that public notice should be given, which binds all.

If a different rule were applied to the interest of an attaching creditor, it might work great injustice. In that case, the debtor would be deemed the only party to be summoned as respondent. But by the statute regulating partitions, the whole, or a disproportionate part in value, of the estate held in com mon, may be assigned to one, and the difference paid in money to the other, for equality of partition. It might happen, therefore, that the whole of the estate might be assigned to the petitioner, and the estate of the debtor might be thereby wholly defeated, and the attachment destroyed. And it is manifest, that in many cases it might be for the interest of the debtor that such should be the result. And this consideration too, we think, is an answer to the suggestion that the attaching creditor stands in privity of estate with the debtor. It is true, that the debtor and the attaching creditor together, hold interests which include the debtor's purparty, and the creditor obtains title under the debtor. But in the attachment and the proceedings

under it, and the objects to be accomplished by it, the interests <span style="float:right">Munroe<br>*v.*<br>Luke.</span> of the debtor and those of the attaching creditor are adverse, and it would be a forced construction to hold, that actual notice to the one, would be constructive notice to the other.

Whether such attaching creditor would be received to plead and contest the petitioner's title, we give no opinion. But we have no doubt that he might appear and represent his real interest, both before the court and before the commissioners. If proper cause were shown, he might obtain a delay of the proceedings, until he could levy his execution, and thereby become seised as tenant in common. He might appear before the commissioners and induce them to adopt such a mode of partition as would protect his attachment, and leave the purparty of the debtor so to be held in severalty as to enable him to levy his execution upon it by metes and bounds, as an estate in severalty. And he might appear before the court and except to the return, if the commissioners should make partition in such manner as injuriously to affect his rights.

As well therefore upon the terms as upon the reasons of the statute, the Court are of opinion, that the partition made on the petition of Sowden, without notice to the petitioners, was not binding on them, and that they rightly levied their executions as upon an estate in common.

The judgment is, that the petitioners are entitled to have partition as prayed for.