# DAVIS *v.* MORSE.

In trespass, if a plea, drawing in question the title to real estate is pleaded, the action must be entered at the Court of Common Pleas. Other actions cannot in such a case be entered in that court; they are dismissed by the justice for want of jurisdiction.

he plaintiff, except in trespass, is not liable for costs for neglecting to enter his action in that court.

COMPLAINT, for not entering an action. The defendant, Morse, brought an action of debt against the complainant, Davis, before a justice of the peace, for a penalty for cutting trees. Davis pleaded, that he was in possession of the premises on

which the trees were cut, under a lease for three years, from Morse to him, and that he cut the trees for fuel, as he had a right to do by the terms of the lease. Morse replied, substantially denying the lease. Davis then contended, that by the state of the pleadings the title to real estate was brought in question and the justice ousted of his jurisdiction. The justice, however, proceeded with the trial and rendered judgment against Davis, from which he appealed.

At the Court of Common Pleas, Davis complained against Morse for not entering his action in that court, contending that as the title to real estate was raised by the pleadings, and the justice's jurisdiction thereby ended, Morse was bound to enter his action at the Court of Common Pleas.

*Morrison,* for the complainant, cited Rev. Stat. ch. 175; *Forsaith* v. *Clogston,* 3 N. H. Rep. 403; *Pritchard* v. *Atkinson,* 4 N. H. Rep. 291; *Lynch* v. *Rossetar,* 6 Pick. 419; *Randell* v. *Crandell,* 6 Hill, Rep. 342; *Eple* v. *Quackenboss,* 6 Hill, Rep. 539; *Smith* v. *Knowlton,* 11 N. H. Rep. 191; *Foster* v. *Leavitt,* 8 N. H. Rep. 353; *Striker* v. *Mott,* 6 Wend. 465.

*Bryant,* for the defendant.

BELL, J. By the Constitution of N. H. pt. 2, § 77, and the Rev. Stats. ch. 175, the jurisdiction of justices is restricted *in all actions* in which the title of real estate is drawn in question. Of this class must be all real actions and actions of ejectment and many cases of covenant, replevin, debt for rent, &c., as well as cases of trespass, in which soil and freehold or other pleas drawing in question the title to real estate may be pleaded. But *in terms,* the special provision of the statute allowing the entry and prosecution in the Court of Common Pleas, of actions originally commenced before a justice, is confined to actions of trespass, and we are not aware that it has ever before been suggested that the provision should be extended to other cases seeming to fall within the same reason and to which the same rule might appear equally appropriate. Limited as the language

of the statute is to a single class of cases, we think it is not to be extended to any other class by judicial construction. The remedy, if one is needed, is with the legislature. If in the progress of a cause rightfully commenced before a justice, the pleadings filed are of a character to draw in question the title of real estate, the justice, except in actions of trespass, can proceed no further than to dismiss the action for want of jurisdiction, which makes an end of the action. See *Pritchard* v. *Brown,* 4 N. H. Rep. 291, and cases there cited. If the justice in such case should proceed to try the issue and render a judgment, the party aggrieved may appeal, and the Court of Common Pleas will dismiss the action because of the justice's want of jurisdiction; or the party may treat the judgment as a nullity as being rendered *coram non judice.* *Smith* v. *Knowlton,* 11 N. H. Rep. 198; *Striker* v. *Mott,* 6 Wend. 465.

Without considering the question whether the title to real estate can be properly raised in an action of debt for a penalty, within the intent of the statute, we are of opinion that the original plaintiff here had no right, and was consequently under no obligation to enter his action in the Court of Common Pleas. The present complaint, therefore, has no foundation and must be dismissed.