## MORRILL & *a. v.* FOSTER.

In a petition for partition, a plea that the petitionee does not hold, nor on the day of the exhibition of the petition, nor ever afterwards did hold, the said premises, nor any part thereof, together and undivided with the petitioners, as they in their said petition have supposed, and of this, &c., is not a good plea of the general issue, because it does not negative the material allegations of the petition.

A special plea that, at the time of preferring the petition, the petitionee was sole seized, with a traverse that the petitioners were seized of any part thereof, as tenants in common, is bad; because the traverse is much narrower than the substantial allegations of the petition, and because, though true, the petitioners, or one of them, may be entitled to partition.

A petition for partition may be brought against any person interested in the property.

The issue in partition must be upon the rights of the petitioners, and not upon those of the petitionees, unless the latter disclaim all interest.

PETITION FOR PARTITION. The petition sets forth that Elisha Morrill and Theophilus B. Martin are severally seized as tenants in common with Ira Foster, each of one undivided fourth part of a certain tract of land in Pembroke, bounded, &c., and that there is a dispute about the title,

Morrill *v.* Foster.

and the petitioners are each desirous of holding his share thereof in severalty; wherefore they pray that a committee may be appointed to make partition, and to assign and set off to each his share thereof in severalty, agreeably to the statute, &c.

Notice having been given, the defendant appeared and filed the following pleas:

" And now the said Foster comes and defends, &c., when, &c., and says that he does not hold, nor on the day of the exhibition of the petition in this behalf, nor ever afterwards did hold the said premises, nor any part or parcel thereof, together and undivided with the petitioners, as they in their said petition have supposed; and of this he puts himself upon the country.

And for further plea in this behalf, by leave, &c., the said Foster comes and defends, &c., when, &c., and prays judgment, if the said Morrill and Martin, their petition aforesaid ought to have and maintain for partition of the said land, because he says that at the time of preferring said petition, he was, and ever since has been and now is, sole seized and possessed thereof in his demesne as of fee, without this, that the said Morrill and Martin were or are seized of any part thereof, as tenants in common, as in their petition they have alleged; and this he is ready to verify. Wherefore he prays judgment, if the said Morrill and Martin, their petition aforesaid for partition thereof, ought to have or maintain and for his costs."

*J. Minot*, for the petitioners.

*H. A. Bellows*, for the petitionee.

BELL, J. The question raised in the case is as to the sufficiency of these pleadings.

The first plea seems taken from the form introduced by *Richardson*, C. J., in his opinion in *Hunt* v. *Hazelton*, 5 N.

H. Rep. 219, which is evidently taken from the plea in *Ferris* v. *Smith,* 17 Johns. 221. The second plea is in conformity to the precedents in Story's Plead. 417, and is in the same form with that in *Clapp* v. *Bromagham,* 9 Cow. 530; yet we think neither of them is sufficient under our statute relating to partition.

The first is in the form of the general issue, and seems designed to be such an issue. By the general issue, we understand a general denial of the gist or gravamen of the plaintiff's case, thus putting in issue all the facts alleged in his declaration or petition. This plea is such a denial of the facts alleged in the writ of partition at common law. But there is a clearly marked distinction between this proceeding and those prescribed by our statute. The writ of partition is in this form : " The king, &c. If A. make you secure, &c., summon B. &c., to show cause wherefore, seeing that the said A. and B. hold together and undivided, *(semel et pro indiviso,)* three acres, &c., she, the said B., opposes making partition thereof between them, according to the law," &c. Booth, R. A. 244.

The general issue is, "*non insimul tenuerunt,*" ibid. And sometimes " the said B. *non tenuit insimul.*" Cro. El. 759. These are direct denials of the allegations of the writ.

But this plea is not such a denial of the substantial allegations of the petition under our statute. This plea, indeed, does not deny, nor profess to deny, all the facts stated in the partition. It does not directly and in terms deny any facts alleged in it. Argumentatively, it may be considered as denying the tenancy in common between the petitioners and the respondents, but that is not enough to make a good general issue.

The facts alleged in the petition are, that the petitioners are seized, in common with the defendants, of the premises in question, and desire that their parts may be assigned to them in severalty.

The first of these allegations is that on which the right of

the petitioners to ask for a partition depends, and the general issue should be a direct denial of that fact. The right of the petitioner does not in any way depend upon the fact that the petitionee does or does not hold a portion of the estate in common with the petitioner, and that fact, if alleged, is not thereby made material. By the first and second sections of chapter 206 of the Revised Statutes, the form of the petition for partition, the cases in which it is allowed, and its requisites, are prescribed. " One or more persons, having or holding real estate with others, may have partition thereof in the mode hereinafter provided. Application may be made by such person to the superior court of judicature in the county in which such real estate, or any part thereof, lies, by petition in writing, particularly describing the estate of which partition is desired, the names of all owners or persons interested, if known, and the share of the petitioner therein, and praying for partition thereof." The petition is to set forth not merely the owners in common, but all persons interested. And every such person interested is properly named as petitionee, and the nature and amount of his interest is not material.

Independently of the statute provision in section 16 of the same chapter, which allows a petitioner to have a partition made of any part of the land described in his petition, in which he shows that he has a right in common, and to have his part set off to him, though on a trial it proves to be much less than the share he claims in his petition, the general issue in the case of a single petitioner would be, " that said petitioner was not seized of said one fourth part in common of said described premises, as he has alleged in his petition, and thereof he puts himself," &c. This would be a simple, direct and plain answer to the material facts alleged in the petition, namely, that he owns a certain share in common of a tract of land, and wishes to hold it in severalty. As the statute contemplates that several claimants may join in a petition, either of whom may succeed, though

the others do not, it is evidently necessary that in such a case the plea should be made as broad as the legal effect of the petition, by alleging " that the petitioners were not, nor was either of them, seized of the respective shares claimed by them." So under the statute provisions before referred to, it is necessary not merely to deny that the petitioner is entitled to the share he claims in the whole premises described, but to go further and deny that he is entitled to any share or proportion whatever in the premises described, or in any part or parcel thereof. Upon these views, the general issue, in a case like the present, should be " that said Morrill and Martin, respectively, were not, on the day of the exhibition of this petition, nor was either of them, seized of one fourth part, nor of any other share or proportion, of said described premises, nor of any part or parcel thereof, in common and undivided, as they have alleged in their petition, and thereof," &c.

The first plea, if regarded as a general issue, has several glaring defects. It is argumentative and not direct, as before remarked. It is a negative pregnant, because it does not answer the whole case, but is so phrased that, though proved to be true, the plaintiff has, or may have, still a perfect right to recover. The issue tendered by the plea is immaterial, and no judgment can be rendered upon it. Thus it is said the defendant did not hold the premises together and undivided with the petitioners, as they allege, but it is not said " nor either of them." " As they allege" qualifies the previous denial, and confines it to the precise allegations of the petition, while those allegations may be very incorrect, without affecting the right to claim a partition.

If the petitionee has no interest in the property in question, and claims none, he may yet be subjected to the costs of the proceedings, if he suffers the case to go on against him without objection. There must, consequently, be a proper plea to avail himself of that fact. As the plaintiff is required to make " all persons interested " parties to his peti-

---

---

tion, he has, consequently, a right to prosecute his petition against them to final judgment, if they have any, the minutest interest in the premises described. This plea must be substantially a denial of any right, interest, possession or claim to any part of the described premises. And it must be defective, if it narrows this answer by any reference to the specific allegations of the petition. In its nature it is not so much an answer to the merits of the petition, as a plea that the petitioner has made an error in bringing his petition against a wrong party.

The plea of nontenure, with a disclaimer, used in other real actions, seems to be an appropriate plea in such a case, when modified agreeably to our statute, which does not require that proceedings of this kind should be brought against a tenant of the freehold only. Its form might be, " And the said A. B. comes, &c., and prays judgment, if the plaintiff, his petition aforesaid against him ought to have and maintain, because, he says, he is not tenant nor occupant of the premises described in said petition, nor of any part thereof, nor was on the day of the entry of said petition, nor at any time since, nor ever had or claimed to have any interest in said premises, but wholly disclaims to have any thing in the same, and this he is ready to verify. Wherefore," &c.

The first plea is entirely defective, if the defendant's object was to avail himself of this objection, since it does not deny every kind of interest in the premises, but merely the particular interest stated in the petition, while the suit is properly brought against him, if he has any interest.

The objection to the second plea is substantially the same as that to the first. The traverse, which is the essential part of the plea, and upon which alone any issue can be taken, (Story's Plead. 417, and 9 Cow. 530,) is not as broad as the allegations of the petition in their legal effect, though it may be so in words. The traverse ought to be, " without this, that the said M. and M., or either of them, were or are seized as tenants in common of any share or proportion of

Morrill *v.* Foster.

said described premises, or of any part or parcel thereof, as in their said petition they have alleged, and this," &c.

*Note.* Much of the difficulty found in settling the issues of fact to be tried in petitions for partition, will be obviated by confessing so much of the plaintiff's action as is right, and by pleading separately as to the parts of the premises in relation to which the claims of the parties are different. Thus, if the petitioner claims his rightful proportion, but embraces more land in his petition than he ought, the confession might be thus: "And the said defendant comes and defends, &c., when, &c., and says that as to a certain piece or tract of land, parcel of said premises described in said petition, situate, &c., bounded, &c., (setting out a correct description,) he confesses the plaintiff's action, and assents that partition thereof be made, as prayed for in said petition; and as to the residue of said described premises,—(the general issue as given in the case.)

If the petitioner claims more than his rightful proportion, and also in more land than he has a right in, the confession might be: "And the defendant comes, &c., and says, that as to one fourth part of the following described tract of land, parcel of the said premises described in said petition, situate, &c., bounded, &c., he confesses the plaintiff's said action, and assents that partition thereof be made, as prayed for in said petition. And as to the residue of the tract aforesaid, he says that the said petitioner, on the day of the entry of said petition, was not seized of any other or greater share or proportion of said tract, or of any part or parcel thereof, than is above confessed, in common and undivided, as he has alleged in his petition, and thereof puts himself on the country; and as to the residue of said premises described in said petition,"—(the general issue as in the case.)

If the petitionee has no interest in any of the lands described in the petition, he pleads nontenure and disclaimer to the whole, and is discharged with costs. If he has no interest in part of the described premises, he pleads nontenure and disclaimer to that part, and confesses or pleads to the residue.

As the petitionee recovers his costs, if the petitioner does not establish the full share he claims in all the land described in his petition, he has but a slight motive to narrow and define the points to be tried; it is, therefore, the interest of the plaintiff to state his claim accurately, as he expects to prove it, and to amend his declaration from time to time before trial, to conform to his proof.