### WINDSOR WARD *versus* JOHN S. BARTLETT ET AL.

In actions of trespass *quare clausum fregit*, where the title of real estate is not in question, and the jury assess less than six dollars sixty-six cents damages, the plaintiff must be limited in his costs to a sum not exceeding in amount the damages recovered.

THIS was an action of trespass, for breaking and entering the plaintiff's house and taking and carrying away certain articles of household furniture. The defendants, as to the force and arms, &c. pleaded not guilty, and as to the entry, taking and carrying away, &c. justified under a writ of attachment against the plaintiff, in favor of Daniel Stevens, and alleged that the outer door of the house was open at the time of the entry, &c.

The plaintiff replied that the outer door of the house, at the time of the entry, &c. was not open, &c. and this was the only point in issue between the parties. The cause was tried at the last term here, when the jury found that the outer door of the house was not open at the time of the entry, &c. and assessed damages in the sum of five dollars.

The defendants moved that the plaintiff be restricted in his taxation of costs to a sum not exceeding the amount of damages assessed by the jury.

BELL, J. The act " for the limitation of actions and for the preventing of vexatious suits," provides that " in all " actions of trespass *quare clausum fregit*, where the title " of real estate is not in question, if the damages found or " assessed by the jury do not amount to forty shillings, the " court may, if they think proper, allow only such sum in " costs as they shall think proper, not exceeding the dam- " ages assessed by the jury."(1) It is very clear that, by this statute, courts are vested with some discretionary power in relation to costs in actions of trespass *quare clausum fregit*, where the plaintiff recovers by the verdict of a jury a sum in damages less than six dollars and sixty-six cents ; but whether this discretionary power is limited in such cases within the amount of damages found by the jury, or whether it is a general discretionary power over the amount of costs,

(1) Statute of June 16, 1791, § 6. 1 N. H. Laws 166.

Ward
*vs.*
Bartlett & al.

without regard to the amount of damages found under six dollars and sixty-six cents, is the question raised by the present motion.

If the statute does not imperatively require of the court to limit the plaintiff's costs to the amount of damages recovered, this would seem to be a case where the court would think the circumstances such as did not require their interference in the limitation of the costs. For it appears by the verdict that the defendants unlawfully violated the right of domestic privacy and security of habitation, which the laws have always manifested a scrupulous anxiety to protect.

From the words of the statute it seems at first view somewhat ambiguous, whether the legislature intended to vest in the courts a discretionary power to determine whether they would in such cases restrict the costs at all, or whether their discretionary power as to costs extended only to the amount of the costs to be taxed, limited in all cases within the amount of the damages found by the verdict of the jury ; but upon consideration we are of opinion that the words in the statute, " not exceeding the damages assessed by the jury," relate to and qualify the whole of the preceding part of the sentence, which relates to the limitation of costs. From which construction it follows that the court cannot in this case allow the plaintiff to recover a sum in costs greater than the damages found by the jury ; and they see no reason in the case for limiting it to a smaller sum.

Whether the title to real estate came in question in such actions, may appear from the pleadings or from the evidence given on the trial.

In this case it appears from the pleadings that the title of real estate was not in question.

The plaintiff must be limited in his costs to the sum of five dollars.*

B. *Chase*, for the plaintiff.

A. *Rogers*, for the defendants.

* RICHARDSON, C. J., having been of counsel, did not sit in this cause.