## JOSIAH FORSAITH *vs.* MATTHEW CLOGSTON.

Where the damages in trespass *quare clausum fregit*, are assessed by the jury at a less sum than forty shillings, the title to real estate is in question so as to entitle the plaintiff to full costs, only in cases, where the defendant sets up a title in opposition to the title of the plaintiff,

Th's was an action, of trespass *quare clausum fregit*, and was tried here, at October term, 1825. The defendant, at April term, 1825, pleaded the general issue, and with the plea gave notice, that the title of the plaintiff would not be disputed. On the trial the plaintiff's title was admitted ; and the jury found for the plaintiff, and assessed the damage in the sum of three dollars.

The plaintiff moved the court to allow full costs in the case, on the ground, that, previous to April term, 1825, the plaintiff's attorney requested the defendant to admit the title to be in the plaintiff, which he refused to do ; in consequence of which the plaintiff was compelled to procure evidence of his title.

Forsaith
*vs.*
Clogston.

*Aiken*, for the plaintiff.

*E. Parker*, for the defendant.

RICHARDSON, C. J. delivered the opinion of the court.

The statute of June 16, 1791, section 6, contained the following clause, " And in all actions of trespass *quare clausum* " *fregit*, where the title of real estate is not in question, if " the damages, found or assessed by the jury, do not amount " to forty shillings, the court may, if they think proper, al- " low only such sum in costs, as they shall think proper, not " exceeding the damages assessed by the jury." 1 *N. H. Laws* 166. The statute of June 30, 1825, contains a clause in the same words. And the question to be decided is, whether, in this case, the title of real estate was in question, within the meaning of those clauses in the statutes?

An attentive examination of our statutes renders the object, which the legislature must have had in view in these provisions, very apparent. The statute of February 9, 1791, (1 *N. H. Laws* 58,) empowered justices of the peace to try all pleas and actions, (except such, where the title of real estate might be drawn in question,) where the sum demanded in damages did not exceed forty shillings. The first statute, in which the clause now under consideration is to be found, was passed in the June following ; and it is not to be doubted, that this clause was inserted in the statute of June, with a view to give effect to the said statute of the preceding February ; and that the object was to discourage the bringing of actions in the higher courts, for trifling trespasses upon land, where there was no dispute about title, and where a justice of the peace had jurisdiction. In settling the question now before us, it may, therefore, be useful to advert to the provisions of the statute of February 9, 1791, and ascertain the meaning of the clause in the first section, which excludes from the jurisdiction of justices of the peace actions, " wherein the title of real estate may be drawn in question." And it seems to us, that the provisions of the second section of that statute afford a very satisfactory explanation of the meaning of the exception in the first section ; for it is enacted, in the second section, " that, when an action of trespass

" shall be brought before any justice of the peace, and the
" defendant shall plead the general issue, he shall not be al-
" lowed to offer any evidence, that may bring the title of real
" estate in question ; and when in any such action the defen-
" dant shall plead a special plea, whereby the title of real
" estate shall be drawn in question, the justice shall record
" such plea, and no further proceedings shall be had thereon
" before the justice." 1 *N. H. Laws* 59.

Now, under this last clause in this statute, it has always
been held, that the title to real estate was drawn in question
by a plea of soil and freehold. 2 *Mass. Rep.* 125, *Wood vs.
Prescott.* So also by a plea of a right of way. 1 *Johns.* 146.
—1 *Cowen* 568—5 *Mass. Rep.* 125, *Spear vs. Bicknell.*
And it is not to be doubted, that it would be considered as
drawn in question by a plea alleging a right of common, or
of fishery, in the defendant, or any third person, under whom
he may have entered. Thus it seems, that the title to real
estate is to be considered as drawn in question by a plea,
whenever the defendant pleads any species of title, either in
himself, or a third person, in opposition to the title of the
plaintiff. 3 *Johns.* 450, *Otis vs. Hall.*

And we are of opinion, that the above mentioned clause in
the statute, which declares, that, " when the defendant shall
" plead the general issue, he should not be allowed to offer
" any evidence, that may bring the title of real estate in
" question," was intended only to prevent the defendant from
giving, under the general issue, any evidence of title what-
ever, in opposition to the title shewn by the plaintiff. It
was not the intention to compel the defendant to admit the
plaintiff's title. The plaintiff must shew his right to recov-
er, as in other cases. Nor was it the intent, that the defen-
dant should not contest the sufficiency of the plaintiff's evi-
dence. For, although he is precluded from offering any evi-
dence, that may bring the title in question, yet still the lan-
guage of the statute leaves him at liberty, to make it a ques-
tion, whether the evidence offered by the plaintiff is true,
or, if true, whether it shows any title. Indeed it seems to
us, that it was the intention of the legislature, in the clauses

of the statute of February 9, 1791, which we are now examining, simply to provide, that conflicting claims and titles to real estate should not be submitted to the decision of justices of the peace.

Such being, in our opinion, the meaning and intent of the statute of February 9, 1791, the true construction of the clause in the sixth section of the statute of June 16, 1791, on which the question now to be decided arises, is easily ascertained. For it is not to be doubted, that whatever brings the title to real estate in question, within the intent of the former, must bring it in question within the meaning of the latter statute. The title to real estate is, therefore, in our opinion, to be considered as drawn in question in trespass *quare clausum fregit*, so as to entitle the plaintiff to full costs, when the damages do not amount to the sum mentioned in the statutes, only in cases, where the defendant sets up a title, or claim of some kind, in opposition to the title of the plaintiff. And as in the case now before us the defendant made no claim whatever, and set up no title, to the *locus in quo*, no costs can be allowed the plaintiff, beyond the sum found as damages by the jury.

*Costs limited.*