## The Town of RUMNEY *versus* The town of ELLSWORTH.

In actions of assumpsit commenced in the court of common pleas, if the amount of the sum in controversy between the parties exceeds the sum of thirteen dollars and thirty three cents and the plaintiff recovers more than six dollars, he is entitled to full costs.

But if in such a case the amount of the sum in controversy appears upon the face of the declaration or by the proof to be less than $13,33, the suit will be deemed vexatious and the costs will be limited under the statute of June 29, 1819.

THIS was an action of assumpsit for the support of three paupers alleged to have their settlement in Ellsworth. Rumney was unable to maintain the action for the support of two of the paupers and was entitled to recover for the support of the third pauper, only $7,73.

*N. P. Rogers* and *Bell*, for the defendants, moved the court to limit the costs.

*Quincy*, for the plaintiff.

RICHARDSON C. J. delivered the opinion of the court.

The statute of February 9, 1791, entitled "an act for establishing courts of law for the administration of justice within this state" &c. sec. 1, provided, that justices of the peace should be empowered to try all actions with certain exceptions, where the sum demanded in damages did not exceed forty shillings. But that statute contained no provisions to restrain a party from bringing suits for the most trivial causes in the court of common pleas. The last section, however, of the statute of June 16, 1791, entitled " an act for the limitation of actions and for the preventing of vexatious suits," provided that in certain cases where the suit was brought in any of the courts of record, if the jury assessed the damages under forty shillings, the costs should be limited. This provision was copied from the English statute of the 21, James 1, cap. 16, sec. 6 ; Tidd's Prac. 15 & 878 ; but it has never been construed to extend to actions commenced before

a justice of the peace.   It has always been supposed to have been intended to prevent the bringing of actions for trifling causes in the court of common pleas, and to compel the party to bring his action in such cases before a justice of the peace.   3 N. H. Rep. 401, *Forsaith* v. *Clogston*.

The statute of June 22. 1810, entitled "an act authorizing and empowering justices of the peace to hear and determine civil causes" &c. provides that justices shall be empowered to try causes, with certain exceptions, where the sum demanded in damages does not exceed $13,33, but no provision is made to compel a party to bring his suit before a justice of the peace where his damages do not in fact amount to that sum.

The statute of 1825, cap. 46, entitled " an act for the limitation of actions and preventing vexatious suits," provides that in certain cases prosecuted in any of the courts of record in this state, if the jury assess the damages under six dollars the costs shall be limited.   Here suits prosecuted " in any of the courts of record" are mentioned, but as this section was copied from a similar provision in the statute of June 16, 1791, it must receive the same construction and cannot be construed to extend to suits commenced before justices of the peace.   It must be considered as intended to prevent the bringing of actions for trivial causes in the court of common pleas. Such being the object of this provision, it is evident that when the jurisdiction of justices of the peace was extended in 1810, to cases where the damages demanded did not exceed $13,33, provision should have been made for the limitation of costs in actions commenced in the common pleas, where less than that sum was recovered. But this provision in relation to costs being in the statute of limitations, the legislature probably did not advert to it, when the jurisdiction of justices of the peace was extended.   And when in 1825, the statute of limitations was revised, in lieu of the forty shillings in the provision

relating to costs in the former statute, six dollars was inserted in the provision on the same subject in the new act, when to answer the real intent of the provision the sum inserted should have been $13,33. This mistake was very natural. The provision was altogether out of place in the statute of limitations ; and found there, the real object of it was not likely to occur to any one without a very close and careful examination of the subject. It is very clear, that under this statute we have no authority to limit the costs, unless the damages assessed by the jury are less than six dollars.

But the statute of June 29, 1819, entitled " an act to prevent vexatious law suits and to limit bills of costs," enacts " that the justices of the several courts of common pleas and of the superior courts in all actions triable before them, be authorized to limit and allow such bills of costs as law and justice shall require." This statute has been construed to give the courts a discretionary power to limit bills of costs, and the question is whether the case now before us furnishes a proper occasion to exercise that power ?

This is not the case of a plaintiff, who has brought his suit in the court of common pleas upon a demand which appears upon the face of the writ or by the evidence to be such, that a justice of the peace might have tried the cause. In such a case we should probably without any hesitation consider the suit as vexatious and limit the costs. In this case there is good reason to suppose, that it was believed by those, who commenced the suit, that a larger sum was due to the town of Rumney than could have been recovered before a justice of the peace. We see nothing to induce us to believe, that any vexation was intended and we have no hesitation in holding, that the costs cannot be limited on that ground.

The case of *Dennison* v. *Perkins*, 3 N. H. Rep. 313, was an action of trespass, *quare clausum fregit*, and was commenced previous to the passage of the statute of 1825, cap. 46, by which the statute limiting costs in that spe-

cies of action was repealed without any saving clause in relation to actions then pending. But as similar provisions were reenacted in the last mentioned statute, with respect to costs, and the law not materially changed, we held it clear, that a saving clause must have been inadvertently omitted, and as the damages assessed were under forty shillings, in the exercise of the discretion given by the statute of 1819, we limited the cost to the amount of the damages.

The statute of June 22, 1810, sec. 4, enacts "that no action shall be commenced at any court of common pleas in this state except when title of real estate is in question wherein the sum demanded in damages shall not exceed the sum of thirteen dollars and thirty three cents." 1 N. H. Laws 66. And the statute of 1824, cap. 73, gives to the court of common pleas original jurisdiction in all civil actions " excepting those in which justices of the peace have jurisdiction." But we find nothing in the statute book which seems to us to indicate any intention of the legislature that the costs of suits commenced in the court of common pleas should be limited, where the matter in controversy exceeds in value the sum of thirteen dollars and thirty three cents and the damages assessed exceed the sum of forty shillings. In trespass *quare clausum fregit* it seems to have been taken for granted that the costs were not to be limited, if the damages assessed exceeded forty shillings. 3 N. H. Rep. 401, *Forsaith* v. *Clogston.* 1 N. H. Rep. 14, *Ward* v. *Bartlett.* And although the conjecture seems to us, as we have before stated, probable that provision has been omitted to be made on this subject by accident, yet still we think it safer to leave it to the legislature to supply the omission, should it see fit so to do, than for us, acting upon mere conjecture to attempt to supply the supposed defect by the exercise of discretionary power given us by the statute of 1819. We think that power should be exercised only in very clear cases, and that this case is not of that description.                *Judgment for pl'ffs with full costs.*