### IN THE

# SUPERIOR COURT OF JUDICATURE

#### FOR THE

## COUNTY OF HILLSBOROUGH, SEPTEMBER TERM,

### A. D. 1832.

---

## JOSIAH CROSBY *versus* TIMOTHY MOORE.

In trespass, *quare clausum fregit*, where the plaintiff recovered only $3,42 damages, for a trespass committed upon a part of the *locus in quo*, the title to which was not in question, it was held he was not entitled to full costs.

TRESPASS, *quare clausum fregit*. The cause was tried here, at February term, 1832, and a verdict returned in favor of the plaintiff, with $3,42 damages. The first count was for breaking and entering, a small close, the title to which was in question on the trial. The second count was for breaking and entering a larger close, which included the close mentioned in the first count. The title to no part of the close, described in the second count, was in question on the trial, except to that part described in the first count.

The jury found for the defendant, upon the first count, and stated, that the damages, assessed upon the second count, were for a trespass done upon a part of the close described in that count, the title to which was not in question.

*E. Parker*, for the defendant, moved the court to limit the costs.

*Atherton* and *Livermore*, contended, that, as the title to real estate was in question in the action, the case was not within the provision of the statute which authorises the court to limit the costs.

*By the court.* The statute enacts, that " in all actions of trespass *quare clausum fregit*, when the title of real estate is not in question, if the damages, found by the jury, do not amount to $13,33, the court may allow only such sum, in costs, as they shall think proper, not *exceeding* the sum found by the jury." We are of opinion that the title to real estate was not, in this case, so in question as to entitle the plaintiff to full costs. So far as such title was in controversy, between the parties, the defendant has prevailed ; and if the suit had been brought only for the injury the plaintiff had sustained in reality, it is clear he would not have been entitled to full costs. We think the circumstance, that he joined in the action a groundless claim, which involved the title to land, does not alter the case.                                    *Costs limited.*