May Term, 1845.

COTTINGHAM *v.* THE STATE.

---

COTTINGHAM *v.* THE STATE, on the Relation of HARE.

If the declaration in debt on a guardian's bond assign specific breaches, a plea that the defendant had faithfully discharged the duties of his guardianship is bad: so also is a plea in such case, that the defendant was not guilty of the alleged breaches.

The declaration in such suit alleged that the defendant had failed to pay over certain money to his ward after he had arrived at full age. *Held,* that a plea that the defendant had lent the money, &c., should show that the loan was authorized by an order of the Probate Court.

A plea professing to answer the whole declaration and answering only a part, is bad.

A plea professing to answer "part of the declaration," without specifying what part, is valid, if it directly deny a particular and material allegation in the declaration. But the sustaining of a demurrer to such plea is no cause for reversing a judgment for the plaintiff, if that part of the declaration denied by the plea, was not taken into consideration in assessing the damages.

APPEAL from the *Hamilton* Circuit Court.

DEWEY, J.—Debt by the state on the relation of *Hare* against *Cottingham.* The action is founded on a joint and several bond, in the penalty of 800 dollars, executed by the defendant and others, the condition of which, after reciting the appointment of the defendant as the guardian of the person and estate of the relator, is, that the defendant should faithfully discharge the duties and trusts of his guardianship, and render a true account thereof to the Probate Court. The declaration alleges that there came to the hands of the defendant, as guardian, &c., divers sums of money belonging to the relator, amounting to 500 dollars; that there was due

Tuesday, *June* 3.

to the relator, during the guardianship of the defendant, the sum of 222 dollars from *J.* and *J. Mahin,* which might have been collected by due diligence, but which was lost by the negligence of the defendant, the debtors having become insolvent; that the relator arrived at full age before the commencement of the action, and demanded of the defendant payment of all sums of money due from him as guardian; that the defendant refused to pay the relator, to deposit the money in the Probate Court, or in any manner to account for it; and that the penalty of the bond had not been paid.

The defendant pleaded six pleas, which were all held bad on special demurrer. The damages were assessed by the Court, with the consent of the parties. Final judgment for the plaintiff.

The first plea is, that the defendant truly and faithfully discharged the duties and trusts of his guardianship. The cause assigned in support of the demurrer to this plea is, that it is too general, there being a special breach of the condition of the bond alleged in the declaration. Second plea, that the defendant was not guilty of the breaches of his duty as alleged in the declaration. Cause of demurrer the same as to the first plea.

The third plea, which was to "a part of the declaration," alleges that the defendant, as guardian, &c., received the sum of 214 dollars and 7 cents belonging to the relator, which, "pursuant to the provisions of the statute, and in the faithful discharge of his duty as guardian," he loaned to one *Mahin,* and took his note, with security, for the same; that afterwards, the defendant resigned his guardianship, and one *Mallory* was appointed as his successor, to whom he transferred and delivered the note; and that the defendant never received any other money, assets, or property, belonging to the relator. One of the causes of demurrer to this plea is, that it does not allege that the loan was made by order of the Court of Probate, prescribing its terms.

The fourth plea professes to answer the whole declaration, and avers that the defendant, as guardian, &c., received from one *J. Mahin* his two notes in behalf of the relator, one for 74 dollars, and the other for 141 dollars and 7 cents; that the defendant resigned his guardianship, and a successor was appointed to whom he delivered the notes; and that he never

received any thing else whatever belonging to the relator.
Cause of demurrer, that the plea professes to answer the
whole declaration, but is an answer to only a part.

May Term,
1845.

COTTINGHAM
v.
THE STATE.

Fifth plea, to "a part of the declaration," that there was
not due to the relator the sum of 222 dollars, nor any part
of it, from *J.* and *J. Mahin,* as alleged in the declaration.
Cause of demurrer, that the plea does not designate what part
of the declaration it was designed to answer.

Sixth plea, also to "a part of the declaration," that *J.* and
*J. Mahin* were not insolvent as alleged, &c. Cause of de-
murrer same as the last.

The demurrers to the first four pleas were correctly sus-
tained.

The first plea is in the nature of a plea of general perform-
ance of covenants, and is inadmissible, at least under a spe-
cial demurrer, as an answer to a specific breach of the condi-
tion of the bond. The same objection lies to the second plea.

The third plea is an attempt to justify a guardian for not
paying money to his ward on attaining majority, on the
ground that it had been loaned to a third person. The sta-
tute, prescribing the duties of the guardian in this case, autho-
rized him to loan the money of his ward under the order and
direction of the Probate Court. R. S. 1838, p. 197. The
plea alleges that the defendant loaned the money pursuant to
the statute. Had the plaintiff taken issue on the allegation,
it would have referred a matter of law to the jury, which
cannot be allowed. The plea should have set forth the order
of the Probate Court directing the loan, and thus have shown
the authority of the guardian to lend the money of his ward.
Without such authority and a loan in pursuance of it, he was
bound to have the money ready when the ward arrived at
full age.

The fourth plea professes to answer the whole declaration,
and is bad for the cause assigned in the demurrer, that is, that
it answers only a part. One of the allegations in the decla-
ration is, that *J.* and *J. Mahin* owed the relator 222 dollars,
which were lost by the negligence of the defendant as guar-
dian. This averment is not noticed by the plea.

The fifth plea is objected to, because it does not expressly
point out the part of the declaration to which it was designed
to be an answer. But we do not think the objection can be

sustained. The plea directly denies one of the plaintiff's allegations, viz., that *J.* and *J. Mahin* were indebted to the relator. This, we think, was a sufficient indication of the particular part of the declaration to which the plea referred. The demurrer to this plea should have been overruled. But we do not conceive the error is a good cause for reversing the judgment. The record informs us that in assessing the damages, the Court did not take into consideration that part of the declaration which is denied by this plea. No evidence having reference to it was given. The judgment is precisely the same that it would have been had the demurrer been overruled. The same remarks are applicable to the sixth plea.

*Per Curiam.*—The judgment is affirmed with costs.

*H. Brown,* for the appellant.

*W. W. Wick* and *L. Barbour,* for the appellee.