## ORANGE *v.* BERRY.

Where the defendant pleads separate pleas to different parts of the declaration, the pleas must shew what part of the declaration each plea is intended to answer.

In trespass *quare clausum fregit*, if the defendant, as to so much of the *locus in quo* as lies on one side of a line given in a certain conveyance, pleads soil and freehold, and as to the residue not guilty, and the pleas do not shew that this line is known and fixed so that it can be found on the land, the pleas are bad on demurrer, because they do not shew to what part of the *locus in quo* each plea relates.

The court will not reject such pleas on motion, but leave the plaintiff to his demurrer.

TRESPASS, *quare clausum fregit.* The *locus in quo* was described in the declaration as situate in Somersworth, containing twenty square rods, more or less ; and bounded, beginning at a point on the northeasterly side line of Court street, and distant southeasterly from the southeasterly side line of High street one hundred feet, thence running northeasterly, parallel with said High street, one hundred and twenty-five feet, to land of Oliver H. Lord, thence southeasterly at right angles with said High street twenty-four feet ; thence southwesterly parallel with said High street, one hundred and twenty-five feet, to said Court street ; thence northwesterly by said Court street twenty-four feet to the bound begun at.

The defendant pleaded as to so much of the close described as is situated on the northeasterly side of said Court street, and on the northeasterly side of a line commencing at said Court street, thence running northeasterly to land of Jacob Davis, and being the southeasterly boundary line of land sold by James Horn, Jacob Horn, Gershom Horn, and Charles Horn to William Stearns, soil and freehold in the defendant, and as to the rest and residue of the said close, not guilty.

The plaintiff moved the court of common pleas to reject the plea and require the defendant to set forth that part of the close which he claimed as his soil and freehold by metes and bounds, on the face of the earth marked and definite. It appeared by admission, that the parties were owners of adjoining parcels

VOL. XXIV.    8

of land, the land of the plaintiff lying southeasterly of the defendant's; that the line mentioned in the plea, of the land conveyed by the Horns to Stearns, is the true dividing line between the parties, and its location the matter principally in dispute in this action. The plaintiff founded his motion on the reason that no proper replication could be framed waiving the issue intended to be tried upon the plea filed by the defendant.

*Christie,* for the plaintiff.

*Wells* and *Hobbs,* for the defendant.

PERLEY, J. The defendant's pleas go upon the assumption that the southerly line of land sold by James Horn and others to William Stearns, divides the close described in the declaration into two several parts; whereas it appears by the admissions reported in the case, that the plaintiff claims nothing on the northeasterly side of that line, but admits that the land to the northeast of it belongs to the defendant, as he has pleaded; the main controversy intended to be tried in the suit being on the question where that line is. A verdict on the plea of soil and freehold would determine nothing; the issue on that plea must of course be found for the defendant, and would still leave the dispute as to the line wholly unsettled. It is plain, therefore, that the plaintiff could make no replication to these pleas on which the case could be properly and effectually tried and decided.

There is nothing in these pleas to show where the line of Horn's land is; no allegation that there is such a line known and fixed as a boundary on the land; nor so much as a reference to any deed or other description that might fix the line. The pleas therefore do not shew to what part of the plaintiff's declaration they severally aud respectively apply. If there were issues joined on the pleas, and a verdict rendered for the defendant on both, the finding would not shew what part of the close the jury had found was his soil and freehold, and on what part the plaintiff had failed to prove that the defendant committed a trespass.

Orange *v* Berry.

A defendant may plead one plea to one part of the declaration, and a different plea to another part; but the pleas must shew with certainty what part of the declaration each plea is intended to answer. *Osborne* v. *Rogers*, 1 Saunders' Rep. 269; Com. Dig., Pleader, E 27, E 5, F 4; *Cottingham* v. *The State*, 7 Black. 405.

The pleas are therefore bad on demurrer, because they do not shew what part of the declaration each plea is intended to answer.

But the pleas are not irregularly pleaded, and it is not the usual course to reject a plea on motion, because it is found on examination to be bad. The plaintiff is usually left to his demurrer. This is the method which the law provides in ordinary cases for referring the sufficiency of a plea to the determination of the court. In some jurisdictions, where a plea is irregularly pleaded, or is manifestly frivolous, the plaintiff is allowed to treat the plea as a nullity, and sign judgment; but the court do not entertain motions to reject pleas for insufficiency. *Falls* v. *Stickney*, 3 Johns. Rep. 541; *Davis* v. *Adams*, 4 Cowen 142; *Tucker* v. *Ladd*, 4 Cowen 47.

We do not mean to disclaim for the court the power to reject a plea in a proper case, though pleaded in due time and otherwise regular; such a power may be necessary to protect parties against pleas merely frivolous, or manifestly pleaded for delay, or of a catching character, or extended to an unnecessary and oppressive length. 1 Saund. 92, note 3; *Yates* v. *Carlisle*, 1 W. Blackstone 270.

But the power is lodged in the discretion of the court; and the exercise of it should be reserved for cases where the plaintiff cannot be effectually relieved by the usual and plain method of a demurrer. If it were understood that motions would be entertained to reject pleas merely because they were insufficient and bad, plaintiffs, it is to be apprehended, would too often resort to that course instead of taking the responsibility to demur. We think the plaintiff in this case may be safely left to his demurrer.

*Motion denied.*