## BACHELDER *v.* GREEN.

In trespass for breaking and entering the plaintiff's close adjoining land of the defendant, commenced in the Common Pleas, and in which the plaintiff recovers less than $13.33 damages, the title to real estate is drawn in question, so as to entitle the plaintiff to full costs, by evidence offered under the general issue, by the defendant, in conflict with the plaintiff's evidence, as to where is the true boundary line between the two closes, although no other evidence of title is introduced by either party.

The costs are not to be limited in such case, although such conflict of evidence occurred at the first trial, when the jury disagreed; and on the second trial, when the verdict was returned, no evidence was offered on either side as to the boundary line, but the cause was tried on other grounds, which did not draw the title in question.

TRESPASS, for breaking and entering the plaintiff's close, in Chichester, and injuring and destroying his grass and other crops.

Plea, the general issue. The action was commenced in the Court of Common Pleas, and at the first trial there was much controversy about the easterly line of the premises in question. The plaintiff's close was bounded easterly by the defendant's land, and there was a brook running from north to south, nearly upon the line between their lands. The plaintiff claimed and offered evidence tending to prove that the true line between his close and the defendant's was upon the *east* bank of the brook. The defendant claimed and offered evidence tending to show that the true line was on the *west* bank of the brook, and a rod or two from it. The defendant did not put in any title deeds, to show title to the demanded premises in himself.

The plaintiff's deeds did not describe the close by metes and bounds, (on the easterly side,) but as bounded by the defendant's land on that side, and as containing three acres, more or less, and the controversy then was as to the true

location of that line. The defendant also claimed on that trial that no trespasses had been committed by him on the close in question, and also that the plaintiff was not in possession of these premises, or any part thereof, at the time of the alleged trespasses.

The jury disagreed, and at a subsequent term the action was again tried, and no question was raised concerning the line, or the boundary of the premises, but the defendant took the grounds that no trespasses had been committed by him in the close of the plaintiff, and that the plaintiff was not in possession of the said close at the time of the alleged trespasses, and of course not entitled to recover in this action.

Upon these issues the jury found a verdict for the plaintiff, and assessed his damages in the sum of $4.30. The defendant moved the court to limit the plaintiff's costs; which motion the court overruled, and the defendant excepted.

*Flint & Bryant,* for the plaintiff.

*Butters & Goodwin,* for the defendant.

SAWYER, J. Whether the title of real estate is in question in an action of trespass, is sometimes to be determined from the pleadings, and sometimes from the course of the trial. In the latter case, it is not enough to put the title in question in such action, that the plaintiff may be required, under the circumstances of his case, to produce evidence of title in order to establish the possession which is essential to this form of action; or that, when introduced, the defendant makes it a question to the jury whether the evidence is true, or to the court, whether, if true, it shows title in the plaintiff. All this may be done without the defendant's setting up a title or claim in opposition to the plaintiff, and supporting it by evidence in conflict with his. By the rule established in *Forsaith* v.

*Clogston*, 3 N. H. 401, and ever since recognized as the true rule upon the subject, such conflict of claim, sustained by evidence on the part of the defendant, would seem to be necessary to bring the title in question, when not put in issue by the pleadings, within the meaning of the act which provides for the limitation of the costs. This view is strongly supported by the provision of the statute which regulates proceedings in trespass before justices of the peace, prohibiting the defendant in such action from offering evidence under the general issue that may bring the title in question, which has never been construed as compelling the defendant to admit the plaintiff's title when the circumstances of his case required proof of title to maintain the action, but as leaving him at liberty to question the title as shown by the plaintiff, though not to rebut it by countervailing proof.

It must be understood, from the bill of exceptions, that the plaintiff introduced, at the first trial, paper evidence of title for the purpose of establishing his possession, such as is necessary to maintain trespass, and which he might not be able to make out independent of the title. The defendant was then at liberty to raise any question, either to the court or the jury, affecting the validity of the title which arose upon the plaintiff's evidence, without bringing the title in question, within the meaning of the statute. He went beyond this, by introducing evidence to countervail the title to the *locus in quo*, as shown by the plaintiff. His evidence was of a character to prove that the east line of the close, according to the plaintiff's title, and so far as the land was covered by it, excluded the place where the trespasses were alleged to have been committed. This was as effectual, if made out, to rebut the plaintiff's title and thus disprove his constructive possession as to that part of the close, as if, with or without the plea of *liberum tenementum*, he had proved the title of that part to be in himself, or a third person. It clearly brought the title in question.

And we think it is immaterial whether the question was thus made upon the first trial, which resulted in no verdict, or at the second, in which the verdict was found, or at both. The object of the statute is to discourage the bringing of suits in the higher courts for trespasses of a trivial character, when the title is not brought in question; and the propriety of bringing the suit in the Common Pleas is made apparent whenever, upon a trial had, the title is in fact brought in question, although at a subsequent trial the ground for questioning it is abandoned. It must be supposed that the proceedings upon the first trial in the investigation of the title led to the abandonment by the defendant of further controversy on that point as fruitless. The exceptions must be overruled, and the

*Judgment affirmed.*