Aug. 10.                    PEVARE v. TOWNE.
1876.

*Trespass—Title, whether disputed—Limitation of costs.*

In trespass *qu. cl.* the plaintiff included in his description of the *locus* land of the defendant. The defendant confessed damages to the amount of six dollars done to land of the plaintiff, and filed the general issue as to the residue of the land. The plaintiff accepted the confession, and admitted that the true line between the parties was the line described in the defendant's plea of confession. *Held*, that title to real estate was not drawn in dispute by the pleadings. *Held*, also, that the plaintiff's costs should be limited.

FROM MERRIMACK CIRCUIT COURT.

TRESPASS, *quare clausum*. The premises on which the trespasses were committed are described in the writ as follows: " Containing about three acres, bounded on the north by a certain brook and land of the plaintiff and defendant, on the east by land of the plaintiff, on the south by land of the defendant and the Merrimack county farm, and on the west by land of the defendant."

The action was referred under the act of 1874. The referee appointed a hearing for July 9, 1875, when the parties appeared, and the defendant not being ready to proceed, the hearing was continued to September 13, 1875, when the hearing was had.

At this last hearing the defendant filed a plea of confession, with the general issue as to the residue, in which he admits the plaintiff's south line " commencing at the north-east corner at his [defendant's] pasture, on the west side of plaintiff's field, westerly from his dwelling-house, and thence running westerly about two hundred and eleven rods to a bunch of maple trees by the brook," is the same line as the northerly line of the defendant's premises ; and the defendant admits the breaking and entering of the plaintiff's close lying northerly of said line, and that the plaintiff is entitled to damages therefor to the amount of six dollars, and no more. The plaintiff admitted the line above described in the defendant's plea, and accepted the tender, and the referee reports that said line is the true and agreed line between the parties, and that the plaintiff have and recover of the defendant said sum of six dollars damages.

This report was returned to court at the present term, when judgment was rendered thereon for the plaintiff for said sum of six dollars damages. The defendant then moved that the plaintiff's costs be limited under the statute, and offered to show that he never claimed any land north of the line described in the confession. The court rejected the evidence, and denied the defendant's motion ; and the defendant excepted, and filed this bill of exceptions, which is allowed by the court. The questions arising thereon were transferred to this court by STANLEY, J., C. C.

*Pike & Blodgett*, for the plaintiff.

*Barnard*, for the defendant.

SMITH, J. Whether the title to real estate is called in question in actions of trespass *qu. cl.* will appear from the pleadings, or from the evidence given on the trial. *Ward* v. *Bartlett*, 1 N. H. 14; *Batchelder* v. *Green*, 38 N. H. 265.

No plea appears to have been filed until the time fixed for the trial, when the defendant by his pleadings admitted that as to so much of the *locus in quo* as is situate north of a given line he had committed trespass to the amount of six dollars, which amount he confessed the plaintiff was entitled to recover ; that as to the residue of the premises, he claimed that the title was in himself. The plaintiff thereupon

accepted the amount confessed, and admitted that the line described by the defendant in his plea of confession was the true line between the parties. The title to the real estate was not therefore drawn in question by the pleadings or the evidence. This case is not distinguishable from *Crosby* v. *Moore*, 6 N. H. 57. It is as if the plaintiff had brought his action for injuries to so much of the *locus* as is situate north of the agreed line, and had joined a count for injuries to that part situate south of said line, and on a trial had recovered six dollars for damages to the former, and as to the latter the defendant had prevailed. If the suit had been brought only for the injury the plaintiff had really sustained, it is clear he could not recover full costs. Including in his description of the *locus* a portion of the defendant's close cannot alter the case.

CUSHING, C. J. By the declaration the *locus in quo* was described as bounded on the south by the defendant's land. Here was plainly no controversy in the declaration about the title to real estate. The defendant described his north line by monuments, confessed that he had broken the plaintiff's close north of that line, and confessed judgment for six dollars, and pleaded not guilty as to the residue of the declaration.

The plaintiff accepted the confession, and judgment was rendered in his favor for the amount confessed and costs. The defendant also offered to prove that he never had claimed north of that line.

It seems sufficiently evident that the title to real estate was not here in dispute, either by the pleadings or the evidence.

It appears to me that the declaration was insufficient, because there is nothing in it which shows that the south line of the plaintiff's land was so marked upon the ground as to be a monument, and therefore the declaration was uncertain. But the defendant, instead of demurring, defined the plaintiff's south line himself, and the plaintiff agreed. *Wendell* v. *Abbott*, 45 N. H. 349 ; *Orange* v. *Berry*, 24 N. H. 105. I think the costs should be limited.

LADD, J., concurred.

*Costs limited.*