### CARPENTER · *v.* BRITTON.

In trespass *qu cl.* the plaintiff may recover full costs, although the damages recovered do not exceed $13.33, and although on the trial the defendant does not contest the plaintiff's title, if he was induced to bring his action in the supreme court by the defendant's claiming title to the premises.

In such case the defendant may be estopped to deny that the title to the *locus in quo* was not in dispute.

TRESPASS *quare clausum.* Before, after, and at the time of the trespass the defendant claimed title to the *locus in quo*, and so informed the plaintiff, who, relying upon the statements of the defendant, and in good faith believing that the title was in question, brought his action in the supreme court. After service of the writ, and before entry of the action, the plaintiff was informed by the defendant that his title was not questioned; and upon the trial it was not questioned. A referee assessed the plaintiff's damages at one dollar. Judgment was ordered on the report. The defendant moved to limit costs. G. L., *c.* 233, *s.* 5.

*Lane & Dole*, for the plaintiff. The defendant is estopped by his own conduct to deny that the title was in question when the action was commenced. *Simons* v. *Steele*, 36 N. H. 73; *Davis* v. *Handy*, 37 N. H. 75; *Odlin* v. *Gove*, 41 N. H. 465, 473; *Drew* v. *Kimball*, 43 N. H. 282, 285; *Ayer* v. *Tilton*, 42 N. H. 407; *Horn* v. *Cole*, 51 N. H. 287; *Stevens* v. *Dennett*, 51 N. H. 324. To hold otherwise would permit one to take unlimited advantage of his own wrong, to commit trespasses under a claim of title which would otherwise pass unnoticed, and, if unmolested, to gain a title by prescription, or, if sued, by a timely retreat to escape with impunity, without even the payment or tender of costs already incurred by the plaintiff in consequence of his reliance in good faith upon the statements and conduct of the defendant at the time the suit was commenced.

*L. Wellington*, for the defendant. The trespass complained of was trivial, and known to be so by the plaintiff. What injustice is done him by limiting the costs? Justice and police courts are open to try such cases, and it was the duty of the plaintiff to bring his action there, if at all, and put the defendant to as little expense as possible. The statute was intended to favor the defendant, and not subject him to needless expense. Moreover, the plaintiff must show his right to recover in either court. The defendant is not compelled to admit the plaintiff's title, and has the right to contest the sufficiency of the plaintiff's evidence. The only question is, Does the defendant make the question of title an issue on trial?

SMITH, J. In actions of trespass *qu. cl.* the title to the real estate may be called in question by the pleadings or by the evidence upon the trial. *Ward* v. *Bartlett*, 1 N. H. 14; *Bachelder* v. *Green*, 38 N. H. 265; *Pevare* v. *Towne*, 57 N. H. 220. The only question in this case is, whether the defendant is estopped to deny that he disputed the plaintiff's title. The case finds that "before, after, and at the time of the trespass the defendant claimed title to the *locus in quo*, and so informed the plaintiff, who, relying upon the statements of the defendant, and in good faith believing that the title was in question, brought his action in the supreme court." This makes a case of equitable estoppel. The defendant by claiming title caused the plaintiff to believe the title was in dispute, and induced him, acting on that belief, to bring his action in the supreme court instead of in a justice's court. The defendant so conducted that the plaintiff might reasonably take his representation to be true, and might reasonably believe it was intended to be acted upon. He is equally precluded from contesting the truth of his representation, whether he did or did not know it to be untrue, or whether he did or did not mean it should be acted upon as true. The plaintiff having been induced by the defendant's claim of title to bring his action in a court which has jurisdiction of disputed titles, it would be inequitable to permit the defendant now to claim that his costs should be limited because after the action was commenced he did not choose to make any contest in regard to the title. *Simons* v. *Steele*, 36 N. H. 73; *Horn* v. *Cole*, 51 N. H. 287; *Stevens* v. *Dennett*, 51 N. H. 324; *Wells* v. *Pierce*, 27 N. H. 503; *Davis* v. *Handy*, 37 N. H. 65; *Drew* v. *Kimball*, 43 N. H. 282, 285; *Thompson* v. *Sanborn*, 11 N. H. 201; *McMahon* v. *Portsmouth Ins. Co.*, 22 N. H. 15; *Odlin* v. *Gove*, 41 N. H. 465, 473; *Corbett* v. *Norcross*, 35 N. H. 99, 115; *Richardson* v. *Chickering*, 41 N. H. 380; 1 Story Eq. Jur., *s.* 384.

The action having been properly brought in the supreme court, the costs should not be limited.

*Case discharged.*

ALLEN and CARPENTER, JJ., did not sit: the others concurred.